UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MUSA KEITA,                          )
                                     )
      Plaintiff,                   )
                                     )
      v.                           )      Case No. 4:22-CV-01151-AGF
                                     )
GREEN PARK LEASING                   )
CO., LLC, et al.,                    )
                                     )
      Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss Plaintiff's Amended

Complaint filed by Defendants Green Park Leasing Co., LLC, d/b/a Green Park Senior

Living Community; Green Park Management Co., LLC; and Health Facility

Management, LLC, d/b/a CommuniCare Family of Companies ("Defendants").  For the

reasons set forth below, Defendants' motion will be granted.

## BACKGROUND

On October 31, 2022, Plaintiff filed a four count[1] Complaint against Defendants

seeking damages related to Plaintiff's alleged development of pressure ulcers and other

injuries that Plaintiff claims arose from Defendants' failure to provide Plaintiff with

---

[1]    Plaintiff's Complaint sets forth the following claims: Count I – negligence against all Defendants; Count II – Alter Ego against Defendants Green Park Management Co., LLC and Health Facility Management, LLC d/b/a Communicare Family of Companies; Count III – Agency Liability against Defendants Green Park Management Co., LLC and Health Facility Management, LLC d/b/a Communicare Family of Companies; and Count IV – corporate negligence against all Defendants.

sufficient medical care.  ECF No. 1.  Defendants answered on December 5, 2022.  ECF No. 12.

On January 17, 2023, Plaintiff filed an unopposed motion for extension of time to file a health care provider affidavit supporting his medical negligence claim as required by Mo. Rev. Stat. § 538.225.  ECF No. 19.  On January 26, 2023, the Court granted Plaintiff's motion and ordered Plaintiff to produce health care provider affidavits by April 31, 2023.  ECF No. 21.

On February 27, 2023, Plaintiff filed an Amended Complaint, this time asserting three claims against Defendants.  ECF No. 25.  The Amended Complaint preserved three of the four claims from the original Complaint, dropping Count III for agency liability.  *See id.*  Defendants filed answers on March 13, 2023.

Plaintiff failed to produce health care affidavits by April 31, 2023.  Defendants subsequently filed their motion to dismiss and memorandum in support on May 4, 2023.  ECF Nos. 28 and 29.  In their motion, Defendants argue that, under Mo. Rev. Stat. § 538.225, Plaintiff is required to submit a health care provider affidavit supporting Plaintiff's allegations of medical negligence against each Defendant, and Plaintiff's failure to do so in this case necessitates the dismissal of all claims.  *See* ECF No. 28 at ¶ 13; *see also* ECF No. 29 at 6.  Plaintiff has not responded to the motion, and his time to do so has lapsed.  *See* Local Rule 4.01(b).  On June 9, 2023, the Court issued an Order directing Plaintiff to show cause as to why Plaintiff should not be required to submit health care provider affidavits certifying the merits of his claims.  ECF No. 30.  Plaintiff

responded that he has no good faith legal basis to oppose Defendants' motion. *See* ECF

No. 31.

## DISCUSSION

Section 538.225 of the Missouri Revised Statues requires a plaintiff to file an

affidavit attesting to the merits of any action against a health care provider. *Devitre v.*

*Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 331 (Mo. 2011) (en banc).  Section

538.225 provides, in relevant part:

> 1.      In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> . . .
>
> 4.      A separate affidavit shall be filed for each defendant named in the petition.
>
> 5.      Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
>
> 6.      If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

Mo. Rev. Stat. § 538.225.

"The language of section 538.225 unambiguously requires: (1) plaintiffs to file an

affidavit in medical negligence cases; and (2) trial courts to dismiss without prejudice any

3

such action if the affidavit is not filed." *Drummer v. Corizon, LLC*, No. 4:16-CV-1170-AGF, 2018 WL 3475475, at *2 (E.D. Mo. July 19, 2018) (citing *Tracy v. SSM Cardinal Glennon Children's Hosp.*, No. 4:15-CV-1513-CAS, 2016 WL 3683000, at *2 (E.D. Mo. July 12, 2016).  Upon a well-taken motion under the statute, dismissal is mandatory. *Id.* (citing *Thomas v. Miller*, 447 S.W.3d 667 (Mo. Ct. App. 2014).  The statute applies to Missouri state law claims involving personal injury related to the rendering of, or failure to render, healthcare services brought in federal court.  *See Moore. v. Ernest-Jackson*, 16 F. App'x 517, 518 (8th Cir. 2011).

Plaintiff has failed to file health care affidavits for his claims against each Defendant as required by Section 538.225.  The Court granted Plaintiff's request for extension of time by 90 days, the maximum additional time allowed by the statute, yet Plaintiff failed to produce such affidavits within the prescribed time period.  Plaintiff concedes that he has no basis on which to oppose Defendants' well-taken motion to dismiss for failure to file these health care affidavits.  Therefore, the motion to dismiss is granted.  Per Mo. Rev. Stat. § 538.225.6, the dismissal is without prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Green Park Leasing Co., LLC, d/b/a Green Park Senior Living Community; Green Park Management Co., LLC; and Health Facility Management, LLC, d/b/a CommuniCare Family of Companies' motion to dismiss is **GRANTED**. ECF No. 28. Plaintiff's Amended Complaint is **DISMISSED without prejudice**.

A separate Order of Dismissal will accompany this Memorandum and Order.

4

Dated this 21st day of June, 2023.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE